IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **Criminal Action No. 13-00107-KD** |
| ) | |
| **COREY SANCHEZ HOWARD,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Corey Sanchez Howard's Motion Nunc Pro Tunc to amend his federal sentence to be served concurrent with the state sentence he is presently serving (doc. 198). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Howard was indicted for the offenses of conspiracy to transport goods, wares or merchandise in interstate commerce knowing the goods, wares, or merchandise to have been stolen (Count One) and interstate transportation of stolen property and aiding and abetting (Count Two) (doc. 1). Howard pled guilty to Count Two. He was sentenced to a term of thirty-nine (39) months (doc. 156). His sentence is silent as to whether he would serve either consecutive or concurrent with any state court sentence.[1]

Howard moves the Court to modify his federal sentence to serve current with the state sentence he is now serving. As grounds, Howard argues that his sentence should be amended "in order to end this irreparable injury" of his "due process rights for an equal opportunity to advance in rehabilitation in the Alabama Department of Corrections" (doc. 198, p. 2). He argues that a "grave miscarriage of justice" has occurred because he is not "able to participate in the

---

[1] Howard was in state custody following at least two probation revocations in the Circuit Court of Jefferson County, Alabama, at the time he was arrested for the instant offenses. He also had pending charges in the state court in Douglasville, Georgia and Birmingham, Alabama. He was brought before this Court on a writ of habeas corpus ad prosequendum.

State's rehabilitation program of work release or a lower restricted facility" and that the "Equal Protection Clause of the Fourteenth Amendment forbids this Federal detainer to deprive" him of access to work release or a lower restricted facility.

The Court lacks authority to grant the relief Howard seeks. The "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526, 131 S. Ct. 2685, 2689, 180 L. Ed. 2d 519 (2011), holding modified by Hughes v. United States, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). Section 3582(c) states that an imposed term of imprisonment may be reduced when there are "extraordinary and compelling reasons [that] warrant such a reduction" or "the defendant is at least 70 years of age" and certain factors are met. 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). The Court "may modify an imposed term of imprisonment" if a statute expressly permits the modification, or by way of Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). The Court may modify an imposed term of imprisonment when the defendant's "sentencing range has subsequently been lowered by the Sentencing Commission", and certain other factors are met. 18 U.S.C. § 3582(c)(2). Additionally, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

However, the reasons Howard alleges – that his federal detainer is preventing him from participating in work release or imprisonment in a lower-restricted facility - do not meet the elements of any statute or rule which provides for modification of a federal sentence. Therefore, his motion is due to be denied.

**DONE** and **ORDERED** this 5th day of February 2025.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**