## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 13-00107-KD** |
| | ) | |
| **COREY SANCHEZ HOWARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This action is before the Court on Defendant Corey Sanchez Howard's Motion for Reconsideration of the Court's denial of his Motion Nunc Pro Tunc to amend his federal sentence to be served concurrent with the state sentence he is presently serving (docs. 199, 200). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

A. Background

Howard was indicted for the offenses of conspiracy to transport goods, wares or merchandise in interstate commerce knowing the goods, wares, or merchandise to have been stolen (Count One) and interstate transportation of stolen property and aiding and abetting (Count Two) (doc. 1). Howard pled guilty to Count Two. He was sentenced to a term of thirty-nine (39) months (doc. 156). His sentence is silent as to whether he would serve either consecutive or concurrent with any state court sentence.[1]

Previously, Howard moved the Court to modify his federal sentence to serve current with the state sentence he is now serving. As grounds, Howard argued that his sentence should be

---

[1] Howard was in state custody following at least two probation revocations in the Circuit Court of Jefferson County, Alabama, at the time he was arrested for the instant offenses. He also had pending charges in the state court in Douglasville, Georgia and Birmingham, Alabama. He was brought before this Court on a writ of habeas corpus ad prosequendum.

amended "in order to end this irreparable injury" of his "due process rights for an equal opportunity to advance in rehabilitation in the Alabama Department of Corrections" (doc. 198, p. 2).  He argued that a "grave miscarriage of justice" had occurred because he was not "able to participate in the State's rehabilitation program of work release or a lower restricted facility" and that the "Equal Protection Clause of the Fourteenth Amendment forbids this Federal detainer to deprive" him of access to work release or a lower restricted facility.

The Court found it lacked authority to grant the relief Howard sought.  The Court set out the circumstances where a modification of sentence may be appropriate but found that the reasons Howard alleged - that his federal detainer is preventing him from participating in work release or imprisonment in a lower-restricted facility - did not meet the elements of any statute or rule which provided for modification of a federal sentence. The Court denied his motion.

B. Statement of the law

The Court of Appeals for the Eleventh Circuit has held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena."); United States v. Gossett, 671 Fed. Appx. 748, 749 (11th Cir. 2016) ("In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have been raised but were not."); United States v. Galvez, No. 20-13557, 849 Fed. Appx. 890, 893

2

(11th Cir. Apr. 22, 2021) (finding that none of Galvez' "arguments presents the type of newly

discovered evidence or manifest error of law or fact that warrants reconsideration.") (citing

Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) and Jacobs v. Tempur-Pedic Int'l, Inc., 626

F.3d 1327, 1344 (11th Cir. 2010).

    C. Analysis

    Howard now moves the Court to reconsider its decision.  As grounds, he argues that "it is

well settled that similar situated inmates during time must be treated fair and equal and even

though one may be state or Federal. [T]he Constitution must be respected to protect right of the

people. See 18 USC §§ 3161-3174 and Fourteenth Amendment Right of the United States

Constitution." (doc. 200, p. 2). Again, Howard asserts that the concurrent federal sentence is

depriving him of rehabilitative programs and placement in a "lower-restricted facility" (Id.).

However, these arguments are substantially the same if not identical to the arguments raised in

his first motion. Accordingly, the Motion for Reconsideration (doc. 200) is denied. See Gossett,

671 Fed. Appx. at 749.

    **DONE** and **ORDERED** this 13th day of March 2025.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
